JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff _____<br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br> *(IN U.S. PLAINTIFF CASES ONLY)*<br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>            THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br>**INTELLECTUAL**<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>     Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>     (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>     Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation -
        Transfer

☐ 8  Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*       JUDGE _____       DOCKET NUMBER _____

DATE                          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SON DINH,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **NO.** |
| | : | |
| **THE CINCINNATI INSURANCE** | : | |
| **COMPANY,** | : | |
| and | : | |
| | : | |
| **USAA INSURANCE COMPANY,** | : | |
| | : | |
| *Defendants* | : | |

## ATTACHMENT TO CIVIL COVER SHEET

Paul B. Alexander, Esquire
THOMAS, THOMAS & HAFER, LLP
Four Penn Center
1600 JFK Boulevard
Suite 1060
Philadelphia, PA   19103
(267) 861-7587
Counsel for Deft. USAA Insurance Company

32769100v1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____Philadelphia, PA_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                                          Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?                                                                                                                         Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?                   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* *Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* *Diversity Jurisdiction Cases:*

☒ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
      _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SON DINH, | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| | : | |
| v. | : | NO. |
| | : | |
| THE CINCINNATI INSURANCE COMPANY, | : | |
| | : | |
| and | : | |
| | : | |
| USAA INSURANCE COMPANY, | : | |
| | : | |
| *Defendants* | : | |

## NOTICE OF REMOVAL BY DEFENDANT, THE CINCINNATI INDEMNITY COMPANY

Defendant, The Cincinnati Indemnity Company (incorrectly named as "The Cincinnati Insurance Company" in Plaintiff's complaint) ("CIC"), with the consent of co-defendant, USAA Insurance Company ("USAA"), hereby removes the above-captioned action, which is presently docketed in the Court of Common Pleas of Philadelphia, Pennsylvania, Case ID 260600903 (the "State Court Action"), pursuant to 28 U.S.C. § 1441, *et seq.* In support thereof, CIC avers as follows:

## I.    The State Court Action and the CIC Policy

1.     The State Court Action concerns an attempt by Son Dinh ("Dinh") to obtain insurance coverage and other damages from CIC (and USAA) following CIC's denial of coverage to Mr. Dinh for an alleged, underlying uninsured motorists claim.

2.     On June 5, 2026, Mr. Dinh filed a Complaint in the Court of Common Pleas of Philadelphia, Pennsylvania pursuant to Case I.D. 260600903 (the "State Court Action").

3.     The docket for the State Court Action is attached hereto as **Exhibit 1**.

4.    As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached hereto as **Exhibit 2**.

5.    A true and correct copy of Dinh's Complaint is attached hereto in **Exhibit 2**.

6.    In the Complaint, Mr. Dinh asserts claims against CIC[1] and USAA.  *See* **Exhibit 2**.

7.    Mr. Dinh alleges in the Complaint that he was involved in an auto accident on October 17, 2022 (the "Incident") for which he submitted uninsured motorists claims to both CIC and USAA.  *See* **Exhibit 2**.

8.    In the Complaint, Mr. Dinh seeks damages relating to CIC's and USAA's coverage determinations for the Incident.  *See* **Exhibit 2**.

9.    CIC issued a business automobile policy of insurance to its first named insured "Elemental, Inc." bearing policy number EBA 066 65 15, for the policy period effective from September 24, 2022 to September 24, 2023 (the "CIC Policy").

10.    A copy of the CIC Policy, with certain financial information redacted, is attached as **Exhibit 3**.

11.    The CIC Policy provides certain auto insurance coverage for, among other things, sums that an "insured" are legally entitled to recover as compensatory damages from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" sustain by the "insured", and caused by an "accident" (the "UM Coverage"), subject to the CIC Policy's other terms, conditions and exclusions.  *See* **Exhibit 3**.

---

[1] CIC is incorrectly named in the Complaint as "The Cincinnati Insurance Company".

12.    The CIC Policy's UM Coverage is subject to a $500,000 limit of insurance.  *See* **Exhibit 3**.

13.    On or about October 10, 2024, Mr. Dinh, by and through his counsel, wrote to CIC to tender for uninsured motorists coverage under the CIC Policy for Mr. Dinh's injuries which were caused by the Incident (the "Tender").

14.    Then, on or about November 15, 2024, CIC responded to the Tender via a letter wherein CIC requested additional information and advised that CIC preliminarily denied Mr. Dinh's claim for uninsured motorists coverage.

15.    Mr. Dinh, by and through counsel, then filed its Complaint against CIC in the State Court Action on or about June 5, 2026.  *See* **Exhibits 1** and **2**.

16.    CIC received notice of the State Court Action by way of a letter from Mr. Dinh's counsel dated June 8, 2026, which CIC did not receive until on or after June 9, 2026.

17.    A true and correct copy of the June 8 letter is attached as **Exhibit 4**.

18.    CIC now hereby removes the State Court Action to this federal court because complete diversity of citizenship exists between the parties, the amount in controversy exceeds the jurisdictional limit, and CIC's removal is timely.

## II.    Diversity of Citizenship

19.    Upon information and belief, Mr. Dinh is an individual residing at 502 Hoyt Road, Huntington Valley, Pennsylvania 19006.

20.    CIC is an insurance company incorporated under the laws of Ohio, with its principal place of business in Fairfield, Ohio.

21.     CIC is not a limited liability company and is not a citizen of Pennsylvania.

22.     Upon information and belief, USAA is an insurance company incorporated under the laws of Texas, with its principal place of business in San Antonio, Texas.

23.     Upon information and belief, USAA is not a limited liability company and is not a citizen of Pennsylvania.

24.     Removal of the State Court Action is proper under 28 U.S.C. § 1441(b), and this Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between Mr. Dinh on the one hand and CIC and USAA on the other hand, pursuant to 28 U.S.C. § 1332(a) and (c).

## III.     Amount in Controversy

25.     "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permit recovery of damages in excess of the amount demanded[.]"   28 U.S.C. § 1446(c)(2)(A).

26.     Pennsylvania state court rules of procedure prohibit parties seeking unliquidated damages from pleading a specific amount of alleged damages.  See 231 Pa. Code. R. 1021(b).

27.     In this action, Mr. Dinh seeks damages in excess of fifty thousand dollars ($50,000).

28.     In the Complaint, Mr. Dinh alleges that he has suffered the following injuries and losses for which he now seeks recovery under the UM Coverage of the CIC Policy:  left posterior wall acetabular fracture dislocation; left femoral head fracture dislocation; subacute posterior cruciate ligament tear; radial tear of the posterior root of the medial meniscus; prominent scarring in the rotator interval & mid pericapsular edema; 5mm moderate  grade partial-thickness articular

4

sided tear; low grade partial thickness intrasubstance delaminating tear of the infraspinatus tendon; low grade partial thickness intrasubstance tear on the subscapularis tendon; tendinopathy & low grade partial thickness intrasubstance tear of the long head of the biceps; intrasubstance tear of the inferior labrum with a tiny paralabral cyst; mental and physical traumatic anxiety reaction, nervousness and other psychological and emotional disorders; great embarrassment and humiliation; and inability to perform his daily duties and occupations. *See* **Exhibit 2**.

29.     As stated above, the CIC Policy provides certain UM Coverage subject to a $500,000 limit of insurance.

30.     Based on Mr. Dinh's various alleged injuries and losses, and given that Mr. Dinh seeks coverage for the same under the CIC Policy's UM Coverage which is subject to a limit of $500,000, Mr. Dinh seeks relief in the State Court Action which exceeds $75,000.

31.     Accordingly, based on the nature of Mr. Dinh's claims and the claimed amounts (allegedly) owed under the CIC Policy, the amount in controversy exceeds $75,000, exclusive of interest and costs, and thus satisfies the threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).

### III.   Timeliness of Removal

32.     Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

33.     A copy of the Complaint filed by Mr. Dinh was first received by CIC on or after June 9, 2026  via a letter dated June 8, 2026. *See* **Exhibit 4**.

5

34.     Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it was filed within 30 days after a copy of the Complaint was received by CIC on June 8, 2026.

## V.     USAA's Consent to Removal of the State Court Action

35.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), the undersigned counsel for CIC has met and conferred with counsel for USAA to request its consent to CIC's filing the instant Notice of Removal to remove the State Court Action to the federal district court for the Eastern District of Pennsylvania.

36.     USAA has consented to CIC's filing of the instant Notice of Removal via an email attached hereto as **Exhibit 5**.

## VI.     Venue and Notice in the State Court Action

37.     The United States District Court for the Eastern District of Pennsylvania is the district embracing the place where the State Court Action is pending (Court of Common Pleas of Philadelphia County).  28 U.S.C. § 1441(a); 28 U.S.C. § 118.

38.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal will be served on Mr. Dinh's counsel and filed with the Court of Common Pleas of Philadelphia County.  A copy of CIC's written notice is attached hereto as **Exhibit 6.**

**POST & SCHELL, P.C.**

**Dated**: 7/8/2026                                      By:    s/ *Anthony L. Miscioscia*

6

Anthony L. Miscioscia, Esq.
Attorney I.D. No. 69215
Ryan P. Nameth, Esq.
Attorney I.D. No. 336748
Three Logan Square
1717 Arch Street, 24th Floor
Philadelphia, PA 19103
Phone: (215) 587-1170
Email: amiscioscia@postschell.com
      rnameth@postschell.com
*Attorneys for Defendant, The Cincinnati Indemnity Company*

7

**CERTIFICATE OF SERVICE**

Anthony L. Miscioscia, attorney for Defendant, The Cincinnati Indemnity Company, certifies that on this 8th day of July 2026, he caused the attached Notice of Removal to be electronically filed with the Court.  Service of same will be made upon the following via ECF notifications and e-mail:

Brian S. Chacker, Esq.
Gay & Chacker, P.C.
1731 Spring Garden Street
Philadelphia, Pennsylvania 19130
(215) 567-7955
brian@gayandchacker.com

Paul B. Alexander
Thomas, Thomas & Hafer, LLP
1600 JFK Blvd., Suite 1060
Philadelphia, PA 19103
palexander@tthlaw.com

**POST & SCHELL, P.C.**

**Dated**: 7/8/2026                    By:    s/ *Anthony L. Miscioscia*
                                              Anthony L. Miscioscia, Esq.
                                              Attorney I.D. No. 69215
                                              Three Logan Square
                                              1717 Arch Street, 24th Floor
                                              Philadelphia, PA 19103
                                              Phone:  (215) 587-1170
                                              Email: amiscioscia@postschell.com
                                              *Attorney for Defendant, The Cincinnati Indemnity Company*

8